UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON EDWARD MCDOWELL,<br><br>Defendant. | Case No. 5:24-mj-00014-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

**Background**

Defendant Jason Edward McDowell was arrested in this district on a warrant issued by the District of Nevada in connection with a petition alleging that he violated his conditions of pretrial release there. *See* No. 2:23-mj-00252-EJY (D. Nevada).

On March 13, 2024, Defendant appeared for an initial appearance in this Court, as the district of arrest, pursuant Federal Rules of Criminal Procedure 40 and 5(c)(3).

Defendant was advised of the allegations in the petition, of his right to retain, or have an appointed, counsel to represent him in this district, and of other rights, including his right to remain silent and his right to a revocation hearing in the charging district.

Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights he had to an identity hearing.

Prior to the initial appearance, the Court and parties had reports from the Pretrial Services Office that summarized the procedural posture of the case and the nature of the alleged pretrial release violations.

At the initial appearance, the government moved for detention.  Counsel for Defendant requested a two-day continuance to permit him time to make inquires with the Central District of California regarding charges pending there against Defendant.  The Court granted the request.

**Governing Legal Standard**

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing.  Here, because the motion for detention by the United States would require a change – temporary revocation – of the conditions of release, the Court proceeded with a detention hearing under Rule 40(c).  *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022).  *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

**Discussion**

Defendant originally was arrested in the District of Nevada in March 2023 on an arrest warrant issued in the Central District of California on Defendant's charge by indictment there for three counts of mail theft and possession of stolen mail (18 U.S.C. § 1708). *See* No. 2:23-mj-00252-EJY (D. Nevada) Doc. 2; No. 8:23-cr-00031-FWS (C.D. Cal) Doc. 1.  Thus, he is aware he is facing serious charges with significant maximum penalties – up to 15 years in prison if convicted of all counts.  Despite being released and ordered by a magistrate judge in the District of Nevada to report to the Central District of California for further proceedings, Defendant failed to report.  According to the petition alleging violation of pretrial release conditions, Defendant also failed to report to the Pretrial Services Office as directed, failed to adhere to his evening curfew and failed to charge his location monitoring bracelet.  And, according to reports from the Pretrial Services Office, Defendant was arrested in the Los Angeles-area months after he failed to

1  report for his initial appearance in the Central District of California, and ultimately was convicted
2  of a unlawful firearm possession charge.
3      For all of these reasons, the undersigned concludes no condition or combination of
4  conditions could sufficiently mitigate the risk of flight Defendant would present were he released.
5      ACCORDINGLY, based on the totality of these considerations, the Defendant is
6  remanded to the custody of the United States Marshal pending further proceedings in this district
7  and pending his anticipated transportation to the District of Nevada for further proceedings
8  pursuant to 18 U.S.C. § 3148(b).
9  IT IS SO ORDERED.
10     Dated:   **March 13, 2024**                                  _____
11                                                       UNITED STATES MAGISTRATE JUDGE

3